UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                         :
TRUSTEES OF THE NEW YORK CITY DISTRICT          :
COUNCIL OF CARPENTERS PENSION FUND,             :
WELFARE FUND, ANNUITY FUND, AND                 :
APPRENTICESHIP, JOURNEYMAN RETRAINING,          :
EDUCATIONAL AND INDUSTRY FUND, TRUSTEES :
OF THE NEW YORK CITY CARPENTERS RELIEF          :
AND CHARITY FUND, and THE CARPENTER             :
CONTRACTOR ALLIANCE OF METROPOLITAN             :
NEW YORK,                                       :
                                                                         :
                         Petitioners,           :
                                                                         :
            -v-                                  :            24 Civ. 8560 (JPC)
                                                                         :
BUDD WOODWORK INCORPORATED,                      :            OPINION AND ORDER
                                                                         :
                         Respondent.            :
                                                                         :
------------------------------------------------------------------------X

JOHN P. CRONAN, United States District Judge:

    A collective bargaining agreement between a carpenters' union and a foreign business

corporation required the corporation to contribute to a number of funds for its employees.  After

an audit revealed that the corporation had fallen behind on its contributions, the funds brought an

arbitration action to recover the unpaid balance and were ultimately awarded a sum of $190,591.31

plus interest.  Through an unanswered petition, which the Court treats as an unopposed motion for

summary judgment, the funds now seek confirmation of that award and to recover their costs and

attorneys' fees.  For the reasons explained below, the Court grants the petition to confirm and

awards most of the requested costs and fees.

## I. Background

On November 19, 2002, the New York City District Council of Carpenters (the "Union")

and Budd Woodwork Inc. ("Respondent") entered into a collective bargaining agreement

governing their relationship between July 1, 2001, and June 30, 2024. Dkt. 1-1; Dkt. 1 ("Petition")

¶ 8.  On June 1, 2017, Respondent executed an extension and compliance agreement, Dkt. 1-2,

binding it to the original agreement. Dkt. 1-3 ("CBA"). The CBA required Respondent to make

contributions to a number of entities—including to the three Petitioners[1] in this case—based on

work performed within the Union's jurisdiction. *Id.* art. XV, § 1. The CBA also incorporates by

reference Petitioners' Revised Statement of Policy for Collection of Employer Contributions, Dkt.

1-8 ("Collection Policy"), which creates procedures for collecting contributions from delinquent

employers. *See* CBA art. XV, § 3 ("Each Employer shall be bound by all of the terms and

conditions of the Agreements and Declarations of Trust governing each of the Funds for which

contributions are required under this Agreement, and by all By-Laws, rules, procedures and

policies adopted to regulate each of said Funds, including, but not limited to, the [Collection

Policy].").

On April 27, 2023, an audit of Respondent's contribution history indicated that it had failed

to make the full amount of contributions required pursuant to the CBA during the period of April 1,

2021, to December 28, 2022. Dkt. 1-9 ("Audit Report") at 1. Despite the findings of that audit,

Respondent continued to refuse to pay. Dkt. 1-11 ("Award") at 4. On May 22, 2023, Petitioners

commenced an arbitration pursuant to the terms of the CBA and the Collection Policy, seeking to

---

[1] This Opinion and Order uses the term "Petitioners" to refer to: (1) the Trustees of the New York City District Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund; (2) the Trustees of the New York City District Council of Carpenters Relief and Charity Fund; and (3) the Carpenter Contractor Alliance of Metropolitan New York.

hold Respondent liable for $190,591.31—the amount of the unpaid contributions plus liquidated damages, interest, fees, and costs. *Id.* at 2-3, 6. After Respondent failed to appear at the arbitration hearing held on October 25, 2023, Arbitrator Jeffrey G. Stein found Respondent in default and awarded Petitioners $190,591.31 under the CBA through a written order dated November 15, 2023. *Id.* at 2-3, 6, 8. Arbitrator Stein also ordered interest to accrue at the annual rate of 10.25% from the date of the award. *Id.* at 8.

On November 12, 2024, Petitioners filed the instant Petition to confirm the arbitration award pursuant to Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185. Dkt. 1; Dkt. 5 ("Brief"). Respondent has not opposed the Petition or otherwise appeared in this case.

## II.  Legal Standard

An unanswered petition to confirm an arbitration award is generally treated as an unopposed motion for summary judgment. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (explaining that "generally a district court should treat an unanswered removed petition to confirm/vacate as an unopposed motion for summary judgment"). Under this approach, "'the petition and the accompanying record' become 'a motion for summary judgment'" evaluated under the usual Rule 56 standard. *Trs. of the UNITE HERE Nat'l Health Fund v. JY Apparels, Inc.*, 535 F. Supp. 2d 426, 428 (S.D.N.Y. 2008) (quoting *D.H. Blair & Co.*, 462 F.3d at 110); *see* Fed. R. Civ. P. 56.

Summary judgment under Rule 56 is appropriate if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," and a fact is material if it "might affect the outcome of the suit under the

governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A court must "resolve all ambiguities and draw all justifiable factual inferences in favor of the party against whom summary judgment is sought." *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 309 (2d Cir. 2008).  The movant bears the initial burden of "demonstrating the absence of a genuine issue of material fact." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008).  If met, the burden shifts to the non-movant "to present evidence sufficient to satisfy every element of the claim."  *Id.*  The non-movant "may not rely on conclusory allegations or unsubstantiated speculation," and "must offer some hard evidence showing that its version of the events is not wholly fanciful." *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (internal quotation marks omitted).  The non-movant must present more than a mere "scintilla of evidence." *Anderson*, 477 U.S. at 252.

This standard applies even to unopposed motions for summary judgment.  *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004) ("Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law.").  Therefore, to confirm an unopposed petition, the court must decide whether the undisputed facts establish that the petitioner is entitled to judgment as a matter of law.  *Trs. for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. Odessy Constructioncorp*, No. 14 Civ. 1560 (GHW), 2014 WL 3844619, at *2 (S.D.N.Y. Aug. 1, 2014) ("[L]ike unopposed summary judgment motions, unopposed confirmation petitions 'must fail where the undisputed facts fail to show that the moving party is entitled to judgment as a matter of law.'" (quoting *D.H. Blair & Co.*, 462 F.3d at 110)).

4

### III.  Discussion

**A.      The Court Confirms the Arbitration Award.**

Petitioners principally seek confirmation of the $190,591.31 award they secured through arbitration plus interest at an annual rate of 10.25% from November 15, 2023, the date of the award.  Petition ¶ 40; Brief at 2-4.

Confirming an arbitration award under the LMRA, like under the Federal Arbitration Act ("FAA"), entails only "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court."  *D.H. Blair & Co.*, 462 F.3d at 110 (internal quotation marks omitted) (applying the FAA); *see Trs. for Mason Tenders Dist. Council Welfare Fund, Pension Fund, Annuity Fund & Training Program Fund v. PM Contracting Co.*, No. 18 Civ. 6563 (KPF), 2019 WL 1557114, at *2 n.3 (S.D.N.Y. Apr. 10, 2019) (explaining that although "[t]he LMRA, not the [FAA], governs" review of a petition to confirm under the LMRA, the FAA remains "useful as a source of principles . . . in the context of a petition to confirm or vacate an arbitration award" (internal quotation marks omitted)); *1199 SEIU United Healthcare Workers E. v. Lily Pond Nursing Home*, No. 07 Civ. 408 (JCF), 2008 WL 4443945, at *3 (S.D.N.Y. Sept. 29, 2008) ("The FAA is particularly useful in the context of a petition to confirm or vacate an arbitration award because both the FAA and the LMRA allow only limited judicial review of arbitration decisions.").

Judicial review of the merits of an arbitration award is "severely limited so as not unduly to frustrate the goals of arbitration, namely, to settle disputes efficiently and avoid long and expensive litigation."  *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Metro. Fine Mill Work Corp.* ("*Trustees I*"), No. 14 Civ. 2509 (PAE), 2015 WL 2234466, at *3 (S.D.N.Y. May 12, 2015) (internal quotation marks omitted).  Particularly in the LMRA context, an arbitration award should be confirmed "as long as it draws its essence from the collective bargaining agreement and

is not merely an exercise of the arbitrator's own brand of industrial justice." *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Dejil Sys., Inc.*, No. 12 Civ. 5 (JMF), 2012 WL 3744802, at *2 (S.D.N.Y. Aug. 29, 2012) (internal quotation marks omitted).  Under the "extremely deferential standard of review" that courts must apply, "only a barely colorable justification for the outcome reached by the arbitrators is necessary to confirm the award," which may be inferred from the record.  *Smarter Tools Inc. v. Chongqing SENCI Imp. & Exp. Trade Co.*, 57 F.4th 372, 378-79 (2d Cir. 2023) (alteration adopted) (internal quotation marks omitted); *see also Landy Michaels Realty Corp. v. Loc. 32B-32J, Serv. Emps. Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992) ("[A]n arbitration award should be enforced, despite a court's disagreement with it on the merits, if there is a barely colorable justification for the outcome reached." (internal quotation marks omitted)). An arbitration award cannot stand, however, "[i]f it is clear that an arbitrator has exceeded his authority."  *Abram Landau Real Est. v. Bevona*, 123 F.3d 69, 74 (2d Cir. 1997) (internal quotation marks omitted).

Arbitrator Stein's decision to award Petitioners the sum of $190,591.31 under the CBA following Respondent's failure to make the required contributions easily satisfies these standards. First, Arbitrator Stein "acted within the scope of the authority granted him by the parties" under the CBA and the Collection Policy.  *Trustees I*, 2015 WL 2234466, at *4; *see* Collection Policy § VI(1) ("[L]egal action to collect delinquencies shall generally be in the form of arbitration."); *id.* § VI(2) (designating Arbitrator Stein among a panel of arbitrators to "serve in collection matters"); CBA art. XV, § 3 (incorporating the Collection Policy).  Arbitrator Stein's decision is also supported by the record, including the Audit Report of Respondent's contribution history, which demonstrated the amount of the unpaid balance, and "uncontroverted testimony that [Respondent]

did not make payment or offer a settlement" following the audit.  Award at 4; *see Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. PMM Cranes LLC* ("*Trustees II*"), No. 24 Civ. 3187 (JGK), 2024 WL 4388276, at *3 (S.D.N.Y. Oct. 3, 2024) (granting a petition to confirm an arbitration award where "the arbitrator found that substantial and credible evidence supported the determination that the respondent owed the petitioners delinquent contributions under the CBA and Collection Policy" (internal quotation marks omitted)); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Baroco Contracting Corp.* ("*Trustees III*"), No. 24 Civ. 1898 (DEH), 2024 WL 4519836, at *2 (S.D.N.Y. Oct. 17, 2024) (granting a petition to confirm an arbitration award where "Respondent did not appear at arbitration to contest its failure to comply with these provisions of the CBA, or to contest Petitioners' independent estimated audit—which determined that Respondent failed to make required remittances").  Furthermore, the CBA and/or the Collection Policy authorize each category of relief awarded by Arbitrator Stein.  *See* CBA art. XV, § 6 (authorizing a court or an arbitrator to order payment of unpaid contributions, interest, liquidated damages, attorneys' fees and costs, and other legal or equitable relief); *id.* art. XV, § 7 (providing that the costs of arbitration and the arbitrator's fee "shall be included in the award and shall be borne by the losing party"); Collection Policy § IV(8) (requiring the employer to cover the cost of an audit that reveals underpayment of contributions of $50,000 or more).  Finally, Petitioners timely filed the instant petition to confirm the arbitration award[2] and that award has not been vacated, modified, or corrected.  Petition ¶¶ 29-30.

---

[2] "Since LMRA § 301 does not specify a statute of limitations for commencing an action to confirm or vacate an arbitration award, federal courts borrow the most appropriate state statute." *1199 SEIU United Healthcare Workers E.*, 2008 WL 4443945, at *2 (citing *Loc. 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998)).  Under New

Thus, the Court concludes that there is no genuine dispute of material fact and that Petitioners are entitled to judgment as a matter of law confirming Arbitrator Stein's award.

**B.      The Court Approves Most of Petitioners' Requested Attorneys' Fees and Costs.**

Petitioners also request $1,156 in attorneys' fees and $123 in costs arising out of this proceeding seeking confirmation of the award, plus post-judgment interest at the usual statutory rate.  Petition ¶¶ 38-39; Brief at 4-8.

It is well-settled that courts may award reasonable attorneys' fees and costs in connection with a petition to confirm an arbitration award when, as here, the opposing party has neither abided by the arbitrator's decision nor responded to the petition for confirmation.  *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. All. Workroom Corp.*, No. 13 Civ. 5096 (KPF), 2013 WL 6498165, at *6 (S.D.N.Y. Dec. 11, 2013) ("[C]ourts have routinely awarded attorneys['] fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court." (internal quotation marks omitted)); *see also Drywall Tapers & Pointers of Greater N.Y. Loc. Union 1974 v. Nat'l Drywall Inc.* ("*Drywall Tapers*"), No. 24 Civ. 3690 (RA), 2024 WL 4666181, at *2 (S.D.N.Y. Nov. 4, 2024) (collecting cases).  Here, Petitioners' request for attorneys' fees and costs is also specifically authorized by the terms of the CBA, which provides that "[u]pon the confirmation of the arbitrator's award, . . . the prevailing party shall[] be entitled to receive all court costs in each proceeding as well as reasonable counsel fees," CBA art. XII, § 4, and by the Collection Policy, which similarly provides for an award of attorneys' fees and costs in a legal action for the collection of delinquent

_____

York Civil Practice Law and Rules Section 7510, the prevailing party in an arbitration must commence an action to confirm an award within one year of delivery of the award.

contributions, Collection Policy § V(5)-(7).  "Under these circumstances, an award of fees has historically been appropriate."  *Trustees III*, 2024 WL 4519836, at \*3 (awarding attorneys' fees and costs under similar circumstances).  So the Court will consider the reasonableness of Petitioners' requested amounts.

As noted, Petitioners request $1,156 in attorneys' fees and $123 in costs arising from this confirmation proceeding.  Petition ¶¶ 38-39; Brief at 6-8.  The requested attorneys' fees represent 3.6 hours of work on this matter by one partner and one associate from the law firm of Virginia & Ambinder, LLP, billed at $410 and $310 per hour, respectively.  Dkt. 1-13 (time records); Petition ¶¶ 34-35, 38.  In line with the most recent approach of courts in this District in addressing similar confirmation petitions, the Court concludes that slightly lower rates of $400 and $300 per hour are reasonable.  *See Drywall Tapers*, 2024 WL 4666181, at \*3 ("Courts in this district have found that fees at a rate of $300 per hour are appropriate for petitions to confirm arbitration awards."); *Trustees III*, 2024 WL 4519836, at \*3 (reducing the requested hourly rate from $310 to $300 for associates from the same law firm as here); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Safeway Installation Corp.* ("*Trustees IV*"), No. 19 Civ 10173 (VSB), 2023 WL 2596939, at \*3 (S.D.N.Y. Mar. 22, 2023) ("In other cases involving unopposed petitions to confirm an arbitration award, courts typically approve hourly rates of $300 to $400 for partners . . . .").  The Court also finds that 3.6 hours of time spent on this matter is reasonable.  *Trustees IV*, 2023 WL 2596939, at \*3 ("In similar actions to confirm an arbitration award in which the respondent has failed to answer the petition or otherwise appear, courts have found total billable hours in the single digits to be reasonable." (collecting cases)).  The Court also agrees that the requested $123 in costs,

which represents "service fees and other costs" advanced by Petitioners' counsel, Petition ¶ 39, is reasonable. *See Trustees II*, 2024 WL 4388276, at \*4 (awarding $115 in costs).

Accordingly, the Court awards Petitioners $1,120 in attorneys' fees and $123 in costs.

### IV.  Conclusion

For these reasons, the Court grants Petitioners' petition to confirm the arbitration award. The Clerk of Court is respectfully directed to enter judgment in favor of Petitioners and against Respondent in the amount of $190,591.31, plus interest from November 15, 2023, accrued at an annual rate of 10.25% until the date of judgment.  The Clerk of Court is also directed to enter judgment in the amount of $1,120 in attorneys' fees and $123 in costs.  Post-judgment interest shall accrue at the statutory rate pursuant to 28 U.S.C. § 1961 from the date judgment is entered until payment is made in full.  The Clerk of Court is further respectfully directed to close this case.

SO ORDERED.

Dated:  March 27, 2025
        New York, New York

_____
JOHN P. CRONAN
United States District Judge

10